UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-62110-BLOOM/VALLE

PETER URQUIAGA,

    Plaintiff,

v.

FINANCIAL BUSINESS AND
CONSUMER SOLUTIONS, INC.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff PETER URQUIAGA ("Plaintiff"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, files this Response and Memorandum of Law in Opposition to Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.'s ("Defendant") Motion to Dismiss Complaint, and in support thereof, states the following:

**INTRODUCTION AND BACKGROUND**

1. On August 24, 2016, Plaintiff filed the Complaint [D.E. 1] against Defendant, alleging violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA"), and Florida Statute § 559.551, the Florida Consumer Collection Practices Act (the "FCCPA").

2. In particular, Plaintiff alleged that Defendant, by and through a collection letter (the "Collection Letter") it dispatched to Plaintiff, Defendant had violated §§1692e(10) and (14) of the FDCPA, and §559.72(9), Fla. Stat., of the FCCPA.

3. In response, on October 14, 2016, Defendant filed the Motion to Dismiss [D.E. 11] alleging that some of Plaintiff's claims fail to state a claim.[1] At its core, Defendant's Motion to Dismiss sets forth two arguments:

   (a) The debt in question is not "debt" governed by the FDCPA or FCCPA, to wit, a "consumer debt," as defined under 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6); and

   (b) It is not a violation of the FDCPA to collect debts in Florida under an alias which is not registered with Florida Department of Corporations.

4. As set forth in more detail below, because we assume all the allegations of the Complaint to be true, it is clear that the Complaint sufficiently states a claim because:

   (a) The debt as issue is, without a doubt, a debt governed by the FDCPA and FCCPA because such debt was undertaken so as to receive an education; and

   (b) Defendant cannot lawfully engage in business practices within the State of Florida, by and through an alias, without having lawfully registered such alias with the Florida Department of Corporations.

5. Accordingly, as set forth in more detail below, it is without question that Defendant's Motion must be denied.

---

[1] Defendant's Motion to Dismiss does not address or otherwise dispute the substance of Plaintiff's 15 U.S.C. §1692(10) claim, and instead, it can only be presumed that Defendant hopes to defeat such claim by pretending the underlying debt is not a debt governed by the FDCPA, to wit, a consumer debt.

## STANDARD OF REVIEW

6. A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

7. The court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits, references to matters for which judicial notice may be taken, and to documents either in the plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing the suit. Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

8. "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." Amalgamated Bank of New York v. Marsh, 823 F.Supp. 209, 215 (S.D. N.Y.1993).

## MEMORANDUM OF LAW

9. Under Rule (8)(a)(2) of the Federal Rules of Civil Procedure, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under Rule 12(b)(6), and in doing so, did not radically alter federal pleading standards under Rule 8.

10. Under Twombly, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the

possibility above a level of speculation. Twombly, 550 U.S. at 544-55.

11.     Accordingly, such is consistent with the requirements of Rule 8(a)(2), which requires that a complaint "provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant(s) fair notice of what . . . the claim is and the grounds upon which it rests.'" Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007); *see also* Coupons, Inc. v. Stottlemire, 588 F. Supp. 2d. 1069, 1073 (N.D. Cal. 2008) (citing Twombly, 550 U.S. 544) ("'heightened fact pleading of specifics' is not required to survive a motion to dismiss."). Moreover, "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3rd Cir. 2005).

### *THE LEAST SOPHISTICATED CONSUMER STANDARD*

12.     In light of Defendant's erroneous belief that it may lawfully conduct business in Florida under an alias unassociated with Defendant's name, it bears emphasizing the standard upon which Defendant's conduct and/or language is judged.

13.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard . . . to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010). Several courts

have applied this standard when analyzing certain claims under the FCCPA. *See* Palm Coast Recovery Corp. v. McGinness, Case No. 08-40-CC, 17 Fla. L. Weekly Supp. 286a (Fla. 2nd Cir. Ct. 2009) (wherein the court interpreted the FCCPA in conjunction with case law requiring an objective least-sophisticated standard and stated that "it would appear to this court that the intent of the [FCCPA] is to assist an unsophisticated debtor/defendant in any attempt to pay on a consumer debt"); Green, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine that a collection letter did not violate the FCCPA).

**THE UNDERLYING DEBT IS A CONSUMER DEBT AND OTHERWISE A DEBT GOVERNED BY THE FDCPA AND DEFENDANT'S USE OF AN ALIAS WHEN ATTEMPTING TO COLLECT A DEBT IN FLORIDA, WITHOUT HAVING REGISTERED SUCH ALIAS WITH THE FLORIDA OFFICE OF FINANCIAL REGULATION, GOES TO THE VERY HEART OF WHAT 15 U.S.C. §1692(e)(14) PROHIBITS AND/OR PUNISHES**

**I.**     *THE UNDERLYING DEBT IS A CONSUMER DEBT*

14.     Defendant cites Dunham v. Lombardo, Davis & Goldman, 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011), claiming that the Complaint must be dismissed because Plaintiff has merely recited the language of the FDCPA; however, Defendant misstates Dunham to its benefit. In reality, the Southern District in Dunham held that "a recitation of a definition from the FDCPA prevents the Court from entering a **default judgment in favor of Plaintiff**," 830 F. Supp. 2d 1305 at 1307 (S.D. Fla. 2011), whereby such is a far cry from Defendant's utilization thereof.

15.     For a debt to governed by the FDCPA, such debt must be a *consumer debt* – or as defined by the FDCPA – an "*obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . for personal, family, or household purposes*." of which is referred to as a *consumer debt*. 15 U.S.C. §1692a(5). Thus, the thrust of what defines a "consumer debt" is the *purpose* for which the debt arose. *See also* Hawthorne v. Mac Adjustment, Inc.*,* 140 F.3d 1367,

1371 (11th Cir.1998). (a debt governed by the FDCPA is the product of a "consensual or contractual arrangements[] not damage obligations thrust upon one as a result of no more than her own negligence.").

16.     Here, the debt in question, a *student loan*, is absolutely a consumer debt. What is uncertain, however, is why Defendant grapples with this realization. *Admittedly*, perhaps Plaintiff is painting with too broad of a brush. The debt as issue, which was undertaken by Plaintiff for the purpose of receiving an education, only constitutes a consumer debt if we make a sweeping assumption – specifically – that receiving an education is a benefit. Lucky enough, however, the Eleventh Circuit Court of Appeals must silently agree with Plaintiff 's leaps of logic, as it finds educational and/or student loans to be governed by the FDCPA. *See* <u>Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1127 (11th Cir. 2004) (applauding the defendant for conceding that, "[s]tudent loan debt collectors are clearly subject to private liability for abusive practices under the FDCPA.").

## II.     *DEFENDANT'S ALIAS MUST BE REGISTERED IN THE STATE OF FLORIDA*

17.     In Florida, it is unlawful for a corporation to engage in business activity under a fictitious name (colloquially referred to as an *alias*) without having properly registered such fictitious name with Florida Department of Corporations. Fla. Stat. §865.09(3).

18.     The *sole* purpose of such registration is to notify the public of the true name of the business utilizing an alias/fictitious name. Fla. Stat. §865.09(8) ("Notwithstanding the provisions of any other law, registration under this section is for public notice only, and gives rise to no presumption of the registrant's rights to own or use the name registered, nor does it affect trademark, service mark, trade name, or corporate name rights previously acquired by others in the same or a similar name.").

19. Section 1692e(14) of the FDCPA explicitly states that "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is considered to be false, deceptive, and/or misleading which violates FDCPA. 15 U.S.C. §1692e(14). Defendant somehow believes it did not violate §1692e(14) of the FDCPA by failing to register the fictitious name Defendant exclusive used (to identify itself) in a collection letter Defendant sent to Plaintiff.

20. Notwithstanding the fact that Defendant **does not deny** it failed lawfully register the fictitious name in question ("FBCS, Inc."), Defendant believes that, because Defendant registered the factious name with another state, Defendant is insulation for violating §1692e(14) of the FDCPA; however, Defendant completely wrong.

21. In the Complaint, Plaintiff points out that the alias/fictitious name "FBCS, Inc." was registered as belonging to "FEDERAL BOND & COLLECTION SERVICE, INC." [D.E. 1 ¶ 28]. Accordingly, not only does Defendant fail at providing notice to Florida citizens that Defendant, FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., is utilizing the alias FBCS, Inc. – but more critically – Defendant has completely disarmed the least sophisticated consumer of being able to determine Defendant's true name.

22. The question of whether Defendant's unlawful use of a fictitious name *also* violates the FDCPA depends whether such unlawful utilization would also mislead the least sophisticated consumer. Consequently, because Defendant failed to notify both Florida's government and Florida's citizens of Defendant's alias, it is outlandish to believe that the least sophisticated consumer would not be misled by Defendant's use of such alias.

23. Defendant has committed a clear-cut violation of 15 U.S.C. §1692e(14), and yet, attempts to distort its unlawful conduct by citing cases that are from distant districts and premised

on entirely different facts. Regardless of how Defendant seeks to view its unlawful conduct, the only relevant view is that of the least sophisticated consumer – a contemplation beyond this motion. Accordingly, as set forth below, it is without question that Plaintiff adequately states a claim for violation of 15 U.S.C. §1692e(14).

**III.     *PLAINTIFF PLEAD PRIMA FACIE VIOLATIONS OF THE FDCPA & FCCPA***

24.     The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

25.     To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

26.     Accordingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of § 559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." Foxx, 971 F. Supp. 2d 1106, 1114 (citing Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a

FCCPA claim, a party must allege knowledge or intent by the debt collectors in order to state a cause of action.")).

27.   Accordingly, Plaintiff has established his *prima facie* burden for establishing the FDCPA and FCCPA violations at issue because the following was alleged and/or set forth by Plaintiff in the Complaint:

(a)   The debt at issue was incurred primarily for personal, family, and/or household purposes (the "Consumer Debt") and was otherwise a debt governed by FDCPA and FCCPA [DE 1 at ¶ 19-20];

(b)   At all times material, Defendant was a debt collector subject to the FDCPA and FCCPA [DE 1 at ¶ 16-18, 22];

(c)   Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt [DE 1 at ¶¶ 23-24];

(d)   Language used in the collection letter which gave rise to the violations [DE 1 at ¶ 25];

(e)   The language used by Defendant in the Collection Letter is deceptive, false, and otherwise violates §1692e(10) of the FDCPA [DE 1 at ¶ 33(b)];

(f)   The alias under which Defendant was operating was not associated with the Defendant's true name [DE 1 at ¶¶ 24-27]; and

(g)   Defendant violated 15 U.S.C. §1692e(14) of the FDCPA [DE 1 at ¶ 33(a)].

28.   With respect to whether the Collection Letter language, in light of the least sophisticated consumer, was false or misleading, is a question of fact beyond the contemplation of the Motion to Dismiss. *See* <u>Newman v. Ormond</u>, 456 Fed. Appx. 866 (11th Cir. 2012) (concluding that "where the parties agree on the basic facts of the case, but reasonably disagree upon the proper

inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context"); LeBlanc, 601 F.3d 1185 at 1197 (holding that, "where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact…"); *See also* Id. at 1198 ("The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.").

29. The fact that we are to assume all the allegations of the Complaint are true, coupled with the fact that the violations of the FDCPA and FCCPA alleged by Plaintiff are to be viewed through the lens of the least-sophisticated consumer, it is clear that the Complaint sufficiently states a claim for violation of §§1692e(10) and (14) of the FDCPA, and §559.72(9), Fla. Stat., of the FCCPA. Thus, Defendant's Motion must be denied.

## **CONCLUSION**

30. In light of the accepted standard of review, Plaintiff's Complaint clearly survives Defendant's Motion to Dismiss. The Complaint provides a short and plain statement of the claims and gives the Defendants fair notice of what the claim is and the grounds upon which it rests. Plaintiff has sufficiently pled causes of action against Defendant for violations of the FDCPA and a violation of the FCCPA by Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an order denying Defendant's Motion to Dismiss; in the alternative, should the Court be inclined to grant Defendant's Motion, Plaintiff respectfully requests leave to amend the Complaint and for such other and further relief as this Court deems just and proper.

DATED: October 31, 2016

          Respectfully Submitted,

          /s/ Jibrael S. Hindi                .
          **JIBRAEL S. HINDI, ESQ.**
          Florida Bar No.: 118259
          E-mail:    jibrael@jibraellaw.com
          The Law Offices of Jibrael S. Hindi
          110 SE 6th Street, Suite 1744
          Fort Lauderdale, Florida 33301
          Phone:     954-907-1136
          Fax:         855-529-9540

                AND

          /s/ Thomas J. Patti                .
          **THOMAS J. PATTI, ESQ.**
          Florida Bar No.: 118377
          E-mail:    tpatti@thomasjohnlaw.com
          Thomas-John Law, P.A.
          110 SE 6th Street, Suite 1700
          Fort Lauderdale, Florida 33301
          Phone:     954-543-1325
          Fax:         954-507-9975

          *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2016, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

                /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118377