UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  16-cv-62110-BLOOM/Valle

PETER URQUIAGA,

    Plaintiff,

v.

FINANCIAL BUSINESS AND
CONSUMER SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Financial Business and Consumer Solutions, Inc.'s ("Defendant") Motion to Dismiss, ECF No. [11] (the "Motion").  The Court has carefully reviewed the record, the parties' briefs, and the applicable law.  For the reasons that follow, the Motion is denied.

**I.   BACKGROUND**

Plaintiff Peter Urquiaga ("Plaintiff") brings claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), stemming from a letter ("Letter") Defendant sent to Plaintiff on February 17, 2016 and included with Plaintiff's Complaint.  *See* ECF Nos. [1] ("Complaint"); [1-3] ("Letter"). Plaintiff claims that in the Letter, Defendant improperly used a "fictitious name" in an attempt to collect a "consumer debt."  *See* Complaint ¶¶ 25, 28.  According to Plaintiff, the name Defendant used in the Letter: "FBCS Inc.," was previously registered with the Florida Department of State, Division of Corporations, but the registration expired on December 31, 2006.  *See id.* ¶ 28. Moreover, Plaintiff claims that the previously-registered name did not belong to Defendant, but

rather, "was solely owned by and/or associated with the name 'Federal Bond & Collection Service, Inc.'" *Id.* ¶ 29. Accordingly, Plaintiff claims that Defendant violated the FDCPA and FCCPA.

Defendant filed the instant Motion on October 14, 2016, arguing that the Complaint must be dismissed because Plaintiff does not sufficiently allege that the Letter regards an attempt to collect a "consumer debt." Motion at 1, 3. Additionally, Defendant argues that Plaintiff fatally fails to allege that (a) Defendant did not register the alias "FBCS Inc." in Defendant's home state, and (b) Defendant's "debt collector licensing" does not list Defendant's alias. *See id.* Plaintiff's Response, and Defendant's Reply, timely followed. *See* ECF Nos. [14], [15].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

On February 17, 2016, Defendant sent Plaintiff the Letter with the name and address: "FBCS Inc, 330 S. Warminster Rd. Suite 353, Hatboro, PA 19040." Letter at 2.[1] In pertinent

---

[1] The Letter attached to the Complaint is central to both Plaintiff's Complaint and Defendant's Motion, and the parties do not contest its authenticity. Defendant urges the Court to review the Letter, and accordingly, the Court will consider the document as appropriate. *See* ECF No. [15] at 1; *see also Wilchombe*, 555 F.3d at 959; *Maxcess, Inc.*, 433 F.3d at 1340; *Horsley*, 304 F.3d at 1135.

part, the Letter states that "[o]ur client, CAREER EDUCATION CORP., has authorized us to accept a 55% discount off your $1,231.29 outstanding balance to settle the account in full." *Id.* Plaintiff claims that Defendant violated 15 U.S.C. § 1692e(14) "by using the name 'FBCS Inc.' instead of the true name of Defendant's business, to wit, Financial Business And Consumer Solutions, Inc." Complaint ¶ 34(a). Plaintiff also alleges that Defendant violated 15 U.S.C. § 1692e(10) "by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff. *Id.* ¶ 34(b). Specifically, and "[i]n light of the least sophisticated consumer standard, Defendant wrongfully represented that paying a reduced and/or discounted amount of the Consumer Debt was tantamount to 'settl[ing] the account in full.'" *Id.* Plaintiff claims that these actions additionally make Defendant liable under the FCCPA.

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692e; *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A debt collector who "fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and "additional damages." 15 U.S.C. § 1692k(a). "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011) (citing *Wise v. Cach*, 2010 WL 1257665, *2 (S.D. Fla. Mar. 26, 2010)).

"The first element of an FDCPA claim has two requirements—there must be collection activity and this activity must relate to a consumer debt." *Id.* at 1307 (citing *Buckley v. Bayrock Mortg. Corp.*, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010)). Defendant argues that Plaintiff failed to sufficiently allege facts that show the Letter relates to a "consumer" debt. Plaintiff, however, alleges in his Complaint that "[t]he debt at issue (the 'Consumer Debt') is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes"; Plaintiff is a "'consumer' within the meaning of the FDCPA"; at a certain date, "Defendant began attempting [to] collect the Consumer Debts from Plaintiff"; and "Defendant sent a collection letter to Plaintiff . . . in an attempt to collect the Consumer Debt." Complaint ¶¶ 20, 22, 24, 25. Additionally, a review of the Letter – as urged by Defendant – shows that the debt originated with "Career Education Corp.," and Plaintiff states that the debt concerns a student loan. *See* ECF No. [14] at 6. Accepting all of Plaintiff's allegations as true and evaluating all plausible inferences derived therein in Plaintiff's favor, the Court finds that Plaintiff has sufficiently alleged that the Letter relates to Defendant's attempt to collect a consumer debt.[2] *See Miccosukee Tribe of Indians of Fla.*, 304 F.3d at 1084; *see also Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1127 (11th Cir. 2004) (agreeing with litigant's concession that "[s]tudent loan debt collectors are clearly subject to private liability for abusive practices under the FDCPA"); *Flores v. I. C. Sys., Inc.*, 2014 WL 1379046, at *5 (S.D. Fla. Apr. 8, 2014), *appeal dismissed* (May 13, 2014) ("Section 1692a(5) defines 'debt' as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

---

[2] The Court finds the instant case distinguishable from *Dunham*, *infra*, relied upon heavily by Defendant. *Dunham* involved adjudication of a motion for default final judgment rather than a motion to dismiss, therefore requiring that the plaintiff *establish*, rather than simply plead, a defendant's liability under the FDCPA. *See* 830 F. Supp. 2d at 1307.

5

insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." (internal citations and quotations omitted)).

Having found the "consumer debt" element sufficiently plead, the Court moves to the remaining pleading deficiencies alleged. Section 1692e of the FDCPA prohibits the use of deceptive and misleading activity in the collection of debt. Specifically, § 1692e(14) states that "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is considered false, deceptive, and/or misleading activity in violation of the FDCPA. Additionally, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." In the Letter, Defendant used the name "FBCS Inc." rather than "Financial Business and Consumer Solutions, Inc." Plaintiff claims that under the "least sophisticated consumer" standard utilized in the Eleventh Circuit, Defendant's action violated the FDCPA and FCCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

Defendant concedes that its "formal corporate name" is not "FBCS Inc.," but claims that the Complaint fails because Plaintiff did not plead a negative, namely: "that Defendant had not registered its alias in Defendant's home state or that Defendant's debt collector licensing did not list Defendant's alias." Motion at 4. In support of this proposed pleading requirement, Defendant cites to in-circuit and out-of-circuit case law that, at most, indicates a defendant can avoid liability under the FDCPA by establishing proper registration of an alias. No cited authority, however, mandates dismissal at the pleading stage for the deficiencies Defendant suggests. Rather, Defendant's arguments appear to constitute defenses or grounds for denying liability. In any event, Defendant has not provided the Court with any judicially noticeable

documents to establish that it registered an alias consistent with the authority it cites.[3]  *See Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, 1298 (S.D. Ala. 2011). As Defendant has failed to establish grounds to dismiss Plaintiff's FDCPA claims, it has also failed to establish grounds to dismiss Plaintiff's FCCPA claim, as Defendant relies on the same argument for both Counts.

IV.   **CONCLUSION**

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [11],** is **DENIED.**  Defendant shall file an Answer to the Complaint by **December 1, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of November, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[3] The Court additionally notes that "the 'least-sophisticated consumer' standard . . . is best left to [a] jury decision," and not properly considered at the motion to dismiss stage of proceedings.  *LeBlanc*, 601 F.3d at 1195; *see Newman v. Ormond*, 456 F. App'x 866, 868 (11th Cir. 2012).